KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1189
Fax: 212-465-1181
Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class members

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARCEL MENDEZ, on behalf of himself
and others similarly situated,
and the proposed Rule 23 Class,

           Plaintiffs,

           v.

PIZZA ON STONE, LLC
(d/b/a ADRIENNE'S PIZZA BAR),
FRANK CASANO, PETER POULAKAKOS,
FRANCO ESCOBARE, and
FRANCISCO MARTINEZ,

           Defendants.

---

Case No.: 11 CV 6316

AMENDED
CLASS AND COLLECTIVE
ACTION COMPLAINT

RECEIVED DEC 16 2011 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, MARCEL MENDEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Amended Class and Collective Action Complaint against Defendants, PIZZA ON STONE, LLC (d/b/a ADRIENNE'S PIZZA BAR), FRANK CASANO, PETER POULAKAKOS, FRANCO ESCOBARE, and FRANCISCO MARTINEZ (each individually "Defendant" and collectively "Defendants") and state as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MARCEL MENDEZ, is an adult individual who is a resident of Queens County, New York.

6. Defendant, PIZZA ON STONE, LLC (d/b/a ADRIENNE'S PIZZA BAR), is a corporation organized under the laws of the State of New York, with a principle executive office located at 54 Stone Street, New York, New York 10004.

7. Upon information and belief, each of the Defendants, FRANK CASANO, PETER POULAKAKOS, FRANCO ESCOBARE, and FRANCISCO MARTINEZ (collectively, the "Individual Defendants"), is an owner, operator, senior executive officer,

manager and/or principal of the Defendant, PIZZA ON STONE, LLC (d/b/a ADRIENNE'S PIZZA BAR).

8. Upon information and belief, each of the Individual Defendants is an "employer" of Plaintiff and others similarly situated, and who exercised control over the terms and conditions of Plaintiff's employment and similarly situated employees. Each of the Defendants had the power to (i) fire and hire Plaintiff and similarly situated employees, (ii) determine rate and method of pay, (iii) determine employees' schedules, and (iv) otherwise affect the quality of employment of Plaintiff, similarly situated employees and Class members.

9. None of the Individual Defendants, nor any other managers of Defendants' business, posted the minimum wage notices, nor did they provide other requisite notices to Plaintiff regarding tip credit. None of the Individual Defendants nor any of the managers of Defendants' business provided written notice of Plaintiff's hourly and overtime rates, as required by New York State law.

10. At all relevant times, the Defendant, PIZZA ON STONE, LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, the FLSA Collective Plaintiffs and the Class Members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on an hourly basis on or after the date that is three years before the filing of

the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the

position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are <u>more than forty (40) members</u> of the Class. At any given time, there were at least 20 people working for Defendants at any given time, at least half of which were tipped employees. Given turnover over a 6 year period, Plaintiff believes that there are at least 40 members comprising the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. A subclass of the Class members, i.e. all tipped employees, were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation due to the taking of an invalid tip credit by Defendants. Moreover, all Class members suffered from the failure of Defendants to pay spread of hours premium and to provide proper wage statements. All Class members also suffered because Defendants caused all employees to pay for the cost of uniforms and failed to notify in writing employees' compensation rates, as required by New York State law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of

unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the

Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly gave Plaintiff and Class members notice that Defendants were taking a tip credit against Plaintiff's and the Class members' compensation;

e) Whether Defendants properly gave Plaintiff and Class members notice of the amount of tip credit taken against Plaintiff's and the Class members' compensation for every payment period;

f) Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

g) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

h) Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours;

i) Whether Defendants gave written notice to Plaintiff and Class members of their compensation and overtime rates, as required under New York State law;

j) Whether Defendants properly provided wage statements to Plaintiff and Class members in compliance and in conformity with the information requirements for wage statements under New York State law; and

k) Whether Defendants caused Plaintiff and Class members to pay for cost of uniforms that were required to be worn by Defendants.

## STATEMENT OF FACTS

21. In or about September 2006, Plaintiff, MARCEL MENDEZ, was hired by Defendants to work for Defendants at their 54 Stone Street location in Manhattan. Plaintiff acted in various capacities during his employment, including delivery person, food preparer, porter and stock person. Plaintiff, MARCEL MENDEZ, was employed by Defendants until on or about April 14, 2011.

22. Between approximately September 2006 and January 2009, Plaintiff's regular schedule was for 72 hours per week and he was compensated at a fixed salary rate ranging from $325.50 per week to $375.50 per week. His regular rate during this period would range from $4.52 to $5.21. During this time period, each of Plaintiff's workday exceeded 10 hours.

23. Between approximately January 2009 and January 2010, Plaintiff's regular schedule was for 48 hours per week and he was compensated at a fixed salary rate of $375.50 per week. During this time period, Plaintiff's workday regularly exceeded 10 hours. However, neither Plaintiff nor any Class members were ever paid their spread of hour premium, as required under New York State law. For weeks during this time period when Plaintiff worked more hours than his usual 48 hours, he would not be compensated for the additional hours worked. Thus, his regular rate would be below the minimum wage rate for certain periods during the calendar year 2009.

24. Between approximately January 2010 and January 2011, Plaintiff's regular schedule was for 48 hours per week and he was compensated at an hourly rate of $8.75 per hour. During this time period, Plaintiff's workday regularly exceeded 10 hours.

However, neither Plaintiff nor any Class members were ever paid their spread of hour premium, as required under New York State law.

25. After approximately January 2011, Plaintiff's regular work hours were reduced to approximately 30 hours per week, although his schedule varied according to the needs of his employer.

26. Notwithstanding the foregoing, Plaintiff and other Class members never received wage statements that complied with the requirements under the New York Labor Law.  Specifically, prior to January 2010, Plaintiff was never informed in his wage statement how many hours he worked, his overtime hourly rate and the hours that he worked, in direct violation of New York Labor Law. However, during his entire period of employment, including after April 9, 2011, the effective date of the New York State Wage Theft Act, Plaintiff and all other employees of Defendants did not receive proper wage statements because Defendants failed to provide an address on the wage statement, as required under the New York State Wage Theft Act. Samples of Plaintiff's wage statements are attached hereto.

27. The FLSA Collective Plaintiffs and members of the Class were required to work in excess of forty hours per week for which they were not properly compensated the overtime premium. In particular, before 2009, Defendants were not even aware of the overtime requirements under law. Once they were sued in 2009, they made efforts to comply by switching employees to hourly rates. However, they still willfully ignored other requirements under law, as described in this Complaint.

28. The workdays of the FLSA Collective Plaintiffs and members of the Class regularly exceeded ten hours. Employees working the afternoon and evening shifts

would have a spread of hour exceeding ten. No employee was ever paid a spread of hour premium, no matter how many hours they worked per day.

29. Defendants failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class the Federal and State minimum wage for all hours worked.

30. Defendants failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

28. For the hours that Defendants did pay Plaintiff, Defendants paid Plaintiff the "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants, however, were not entitled to take any tip credits under the FLSA or NYLL, because they failed to provide proper notice to tipped employees that Defendants were taking a tip allowance. Moreover, Defendants failed to provide in the wage statements the amount of tip credit allowance taken in every pay period for all tipped employees, in violation of the New York Labor Law. As such, any purported tip credit taken by Defendants were invalid.

29. Neither Plaintiff, nor other Class members, were ever provided with written notice of their compensation or overtime rates of pay, nor were they asked to sign an acknowledgement, as required under New York State law.

30. Defendants unlawfully caused all employees to pay for uniforms. Hats were $5.00 and shirts were $10.00.

31. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees. In particular, Defendants sought to take

a tip credit with respect to tipped employees without satisfying the requisite statutory requirements of providing proper notice to employees and to inform them of the amount of tip credit allowance taken in each payment period, as required under New York State law. Moreover, Defendants were sued for overtime violations, and thus were properly put on notice of their invalid compensation schemes. However, Defendants still continued to ignore the law and failed to compensate Plaintiffs, the FLSA Collective Plaintiffs and other Class member for unpaid wages when they knew that they had violated employees' rights after Defendants were investigated and sued by former employees in 2009.

32. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees. Specifically, prior to 2009, Defendants paid many of its employees on a fixed salary basis, and caused employees to work more than 40 hours per week without additional compensation for the overtime premium. Once Defendants were sued in 2009, they changed their policy to pay all employees hourly. However, they still failed to comply with the proper requirements under law for (i) taking a tip credit with respect to tipped employees, (ii) charging all employees for uniforms, (iii) never paying the spread of hour premium to all employees and (iv) failing to provide proper wage statements to all employees.

33. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly

situated employees. No employee ever received any spread of hour premium, even if their workday exceeded 10 hours.

34. Plaintiff retained Kraselnik & Lee, PLLC to represent him, FLSA Collective Plaintiffs and the Class members,

35. in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this Class And Collective Action Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff and Class members within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendant, PIZZA ON STONE, LLC, had gross annual revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and Class members for their hours worked in excess of forty hours per workweek.

41. Defendants failed to pay Plaintiff and Class members overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and Class members for their hours worked.

43. Defendants failed to pay Plaintiff minimum wages in the lawful amount for their hours worked. Defendants failed to provide the proper notice to tipped employees necessary to take a tip credit.

44. Records, if any, concerning the number of hours worked by Plaintiff and Class members and the actual compensation paid to Plaintiff and Class members should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Class members at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff and Class members of their rights under the FLSA. Thus, there should be equitable tolling on the statute of limitation.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and Class members are entitled to liquidated (i.e., double) damages pursuant to the FLSA and interest.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and Class members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

49. At no time during Plaintiff's employment did he see any postings of the minimum wage notice or the tip credit notice on the premises of Defendants' business. Plaintiff was also not informed of any tip credit allowance that Defendant may seek to take. Plaintiff was also not given any notice regarding his overtime rate, nor was he asked to sign any acknowledgment of such overtime rate. All of the foregoing are violations under federal and New York State law.

50. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiff realleges and reavers Paragraphs 1 through 50 of this Class And Collective Action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

54. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

55. Defendants willfully violated Plaintiff's and Class members' rights by causing them to pay for the cost of uniforms.

56. Defendants willfully violated Plaintiff's and Class members' rights by failing to provide tipped employees notice (i) that Defendants were taking a tip credit and (ii) of the amount of tip credit allowance taken for each payment period.

57. Plaintiff and the Class members regularly worked more than ten (10) hours in a workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium to Plaintiff for each day they worked ten (10) or more hours.

58. Defendants failed to provide written notice to Plaintiff and Class members their rate of compensation as required under New York State law. Defendants also failed to provide a valid wage statement with all the requisite information required under New York State law.

59. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members' are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, statutory penalties, damages for unreasonably delayed payments, interest, liquidated damages of 100%, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the FLSA Collective Plaintiffs and the Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law and reimbursement for cost of uniforms;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, cost of uniforms and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory damages and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

  j. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

  k. Designation of this action as a class action pursuant to F.R.C.P. 23;

  l. Designation of Plaintiff as Representatives of Class; and

  m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 16, 2011

Respectfully submitted,

           KRASELNIK & LEE, PLLC
           Robert L Kraselnik (RK 0684)
           C.K. Lee (CL 4086)
           30 East 39th Street
           Second Floor
           New York, NY 10016
           Tel.: 212-465-1189
           Fax: 212-465-1181
           *Attorneys for Plaintiffs*

          By: _____
            C.K. Lee, Esq.

### Paystub 1

MARCEL G MENDEZ  9335 LAMONT AVE  ELMHURST, NY 11373  Check No: 93950  Date: 04/13/11

EMP# 82
CLOCK# 000082
DEPT# 000800
FED M 5
NY M 5
NY-SDI
NY-NYCRM 5

| Type | Hours | Rate | Earnings | Ded Type | Amount | YTD |
|---|---|---|---|---|---|---|
| REGULAR | 25.50 | 9.7500 | 248.63 | | | |
| TIPS | | | 227.00 | | | |

| | This Pay | YTD |
|---|---|---|
| EARNINGS | 475.63 | 8690.58 |
| FEDERAL | 0.00 | 116.10 |
| MEDICARE | 6.90 | 126.02 |
| SOC SEC | 19.98 | 365.00 |
| NY | 10.02 | 241.78 |
| NYSDI | 0.60 | 9.00 |
| NYNYCRM | 6.59 | 155.24 |

Net Pay: 204.54

1396 PIZZA ON STONE LLC   DBA ADRIENNE'S PIZZA BAR   NEW YORK, NY  10004
Key: h4hy-jKmg-9tFq-ce3e   Phone:(212)248-3838
Period Start: 04/04/11
Period End: 04/10/11

PrimePay

### Paystub 2

MARCEL G MENDEZ  9335 LAMONT AVE  ELMHURST, NY 11373  Check No: 109920  Date: 02/03/10
SSN xxx-xx-0279
EMP# 82
CLOCK# 000082
DEPT# 000800
FED M 5
NY M 5
NY-SDI
NY-NYCRM 5

| Type | Hours | Rate | Earnings | Ded Type | Amount | YTD |
|---|---|---|---|---|---|---|
| REGULAR | 40.00 | 8.7500 | 350.00 | | | |
| OVERTIME | 8.00 | 13.1250 | 105.00 | | | |
| TIPS | | | 215.81 | | | |

| | This Pay | YTD |
|---|---|---|
| EARNINGS | 670.81 | 3164.26 |
| FEDERAL | 5.54 | 15.29 |
| MEDICARE | 9.73 | 45.89 |
| SOC SEC | 41.59 | 196.18 |
| NY | 21.88 | 97.21 |
| NYSDI | 0.60 | 3.00 |
| NYNYCRM | 17.44 | 79.83 |

Net Pay: 358.22

1396 PIZZA ON STONE LLC   DBA ADRIENNE'S PIZZA BAR   NEW YORK, NY  10004
Key: qHKg-x33r-R6am-M33e
Period Start: 01/25/10
Period End: 01/31/10

PrimePay

### Paystub 3

MARCEL G MENDEZ  9335 LAMONT AVE  ELMHURST, NY 11373  Check No: 109638  Date: 12/31/09
SSN xxx-xx-0279
EMP# 82
CLOCK# 000082
DEPT# 000800
FED S 0
NY S 0
NY-SDI
NY-NYCRS 0

| Type | Hours | Rate | Earnings | Ded Type | Amount | YTD |
|---|---|---|---|---|---|---|
| REGULAR | | | 375.50 | | | |
| TIPS | | | 98.78 | | | |

| | This Pay | YTD |
|---|---|---|
| EARNINGS | 474.28 | 25625.69 |
| MEDICARE | 6.88 | 371.60 |
| SOC SEC | 29.41 | 1588.79 |
| NYSDI | 0.60 | 31.20 |

Net Pay: 338.61

1396 PIZZA ON STONE LLC   DBA ADRIENNE'S PIZZA BAR   NEW YORK, NY  10004
Key: FXeG-cFm6-TCtX-Jc3e
Period Start: 12/21/09
Period End: 12/27/09

PrimePay

### Paystub 4

MARCEL G MENDEZ  9335 LAMONT AVE  ELMHURST, NY 11373  Check No: 109307  Date: 11/25/09
SSN xxx-xx-0279
EMP# 82
CLOCK# 000082
DEPT# 000800
FED S 0
NY S 0
NY-SDI
NY-NYCRS 0

| Type | Hours | Rate | Earnings | Ded Type | Amount | YTD |
|---|---|---|---|---|---|---|
| REGULAR | | | 375.50 | | | |
| TIPS | | | 68.30 | | | |

| | This Pay | YTD |
|---|---|---|
| EARNINGS | 443.80 | 22700.68 |
| MEDICARE | 6.44 | 329.18 |
| SOC SEC | 27.52 | 1407.44 |
| NYSDI | 0.60 | 28.20 |

Net Pay: 340.94

1396 PIZZA ON STONE LLC   DBA ADRIENNE'S PIZZA BAR   NEW YORK, NY  10004
Period Start: 11/16/09

### Paystub 5

MARCEL G MENDEZ  9335 LAMONT AVE  ELMHURST, NY 11373  Check No: 104218  Date: 11/27/07
SSN xxx-xx-0279
EMP# 82
CLOCK# 000082
DEPT# 000200
FED S 0
NY S 0
NY-SDI
NY-NYCRS 0

| Type | Hours | Rate | Earnings | Ded Type | Amount | YTD |
|---|---|---|---|---|---|---|
| REGULAR | | | 325.50 | | | |

| | This Pay | YTD |
|---|---|---|
| EARNINGS | 325.50 | 13671.00 |
| MEDICARE | 4.72 | 198.24 |
| SOC SEC | 20.18 | 847.56 |
| NYSDI | 0.60 | 25.20 |

Net Pay: 300.00

1396 PIZZA ON STONE LLC   DBA ADRIENNE'S PIZZA BAR   NEW YORK, NY  10004
Period Start: 11/19/07
Period End: 11/25/07

PrimePay