```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARCEL MENDEZ, on behalf of himself and :
others similarly situated, and the      :
proposed Rule 23 Class,                 :      11 Civ. 6316 (DLC)
                         Plaintiff,     :
                                        :      OPINION & ORDER
             -v-                        :
                                        :
PIZZA ON STONE, LLC (d/b/a ADRIANNE'S   :
PIZZA BAR), FRANK CASANO, PETER         :
POULAKAKOS, FRANCO ESCOBARE, and        :
FRANCISCO MARTINEZ,                     :
                         Defendants.    :
                                        :
----------------------------------------X
```

APPEARANCES:

For the plaintiff:

C.K. Lee
Lee Litigation Group, PLLC
30 East 39th Street, 2d Floor
New York, NY 10016


For the defendants:

Stuart E. Nahas
Zraick, Nahas & Rich
303 Fifth Avenue
New York, NY 10016

Wayne S. Kreger
Law Offices of Wayne Kreger
303 Fifth Avenue
New York, NY 10016


DENISE COTE, District Judge:

On May 31, 2012, the defendants moved for summary judgment on the individual liability of defendants Frank Casano

("Casano"), Peter Poulakakos ("Poulakakos"), Franco Escobare ("Escobare"), and Francisco Martinez ("Martinez"). On June 1, plaintiff Marcel Mendez ("Mendez") moved for leave to amend his complaint to add Nick Angelis ("Angelis") as a defendant.[1] The defendants' summary judgment motion is granted as to defendants Escobare and Martinez. Mendez's motion for leave to amend his complaint is granted.

BACKGROUND

Casano and Poulakakos are the co-owners of Pizza on Stone, LLC ("Pizza"), which owns and operates Adrienne's Pizza Bar ("Adrienne's"). Casano owns 75% of the membership interest in Pizza, while Poulakakos owns the remaining 25% membership interest. Defendant Nick Angelis ("Angelis") is the manager of Adrienne's, and exercises responsibility over employee wages and shift schedules. Casano and Poulakakos hired Angelis, and Casano sets his compensation. Escobare and Martinez are Pizza employees who work in the Adrienne's kitchen and assist Angelis with some managerial responsibilities. Mendez was employed by Pizza as a delivery person at Adrienne's from September 2006 until April 14, 2011.

---

[1] Mendez's June 1 motion also seeks summary judgment on a number of issues. The remainder of Mendez's June 1 motion is addressed in a separate Order issued today. Mendez's May 18 motion for class certification is addressed in a separate Opinion issued today.

DISCUSSION

I.  Defendants' Summary Judgment Motion

The defendants assert that Casano, Poulakakos, Escobare, and Martinez are not "employers" within the meaning of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "The Supreme Court has emphasized the expansiveness of the FLSA's definition of employer."  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted).  And "[t]he regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time."  Zheng v. Liberty Apparel Co., Inc., 355 F.3d 61, 66 (2d Cir. 2003).  When considering whether a defendant is a joint employer within the meaning of the FLSA, "the overarching concern is whether the

alleged employer possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case." Herman 172 F.3d at 139 (citation omitted). Four factors relevant to this determination are whether the alleged employer:

> (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

Zheng, 355 F.3d at 67 (citation omitted).[2] These four factors may be "sufficient to establish employer status," but they constitute a nonexhaustive list and "the court is . . . free to consider any other factors it deems relevant to its assessment." Id. at 69, 71-72.[3]

Disputed issues of material fact exist as to whether Casano and Poulakakos are employers within the meaning of the FLSA and NYLL. These include whether or not Casano and Poulakakos have the power to hire and fire employees, see Herman, 172 F.3d at 140 (hiring of managerial staff is "strong indication of control"), exercise control over work schedules and employment conditions, determine rates and methods of payment, and maintain Pizza's employment records.

---

[2] This standard also applies to individuals as employers. See Herman, 172 F.3d at 140-41 (holding that Chairman of company was employer under the FLSA).

[3] The parties agree that the same analysis applies to claims brought under the NYLL.

The defendants are entitled to summary judgment, however, on the individual liability of Escobare and Martinez.  No reasonable juror could find that either is an employer within the meaning of the FLSA and NYLL.  At his deposition, Mendez testified that he was interviewed by Escobare and Martinez prior to being hired by Pizza, that as a delivery employee he directly reported to the pair, that Escobare and Martinez handed Mendez his paychecks, and that on at least one occasion Martinez told Mendez that Mendez would not be getting a pay raise.  At most, this evidence shows that Escobare and Martinez provided assistance to Pizza management in its hiring process, communicated management policies on wages and hours to employees, and on occasion exercised delegated authority in setting employee work schedules.  This evidence is insufficient to create a question of material fact as to whether Escobare and Martinez "possessed the power to control" Mendez and satisfy the "economic reality" test.  <u>Herman</u>, 172 F.3d at 139.[4]

---

[4] In his own summary judgment and class certification motions, Mendez repeatedly relies on Martinez's and Escobare's deposition testimony regarding <u>their own</u> conditions of employment as evidence of allegedly class-wide violations of federal and state labor laws.  Apparently, Mendez considers Escobare and Martinez to be both members of his proposed class and proper defendants in this action.  This paradoxical tactic provides further confirmation that summary judgment is appropriate.

II.  Mendez's Motion to Amend

Mendez moves for leave to amend his complaint to add Angelis as a defendant.[5]  Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and instructs that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009) (citation omitted).  A motion for leave to amend may be denied for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (citation omitted).  See also AEP Energy Services Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725-27 (2d Cir. 2010).  An amendment causes undue prejudice where it would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another

---

[5] Mendez additionally moves for summary judgment that Angelis is an employer within the meaning of the FLSA and NYLL.  That motion is denied.

6

jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).[6]

Mendez's motion for leave to amend his complaint to add Angelis as a defendant is granted. Mendez has produced substantial evidence that Casano and Poulakakos allowed Angelis considerable discretion in setting conditions of employment at Adrienne's, sufficient to raise a triable issue of fact as to whether Angelis is an employer within the meaning of the FLSA and NYLL.

The defendants argue that they will be prejudiced by this belated amendment because fact discovery closed in this matter on May 31 and the parties have already engaged in motion practice.  Because the plaintiff's class certification motion has been granted, the parties will have the opportunity to engage in class discovery.  During the class discovery period, the parties, including Angelis, will be allowed to engage in discovery on the issue of whether Angelis is an employer within the meaning of the FLSA and NYLL.

---

[6] The defendants argue that Court should apply the more rigorous standard set forth in Rule 16(b)(4), which provides that a scheduling order may only be modified "for good cause and with the judge's consent." Rule 16(b)(4), Fed. R. Civ. P.  Rule 16(b)(4)'s "good cause" standard applies where a deadline for amendment of pleadings has been set in a Rule 16(b) scheduling order. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).  The Court did not set a deadline for amendment of pleadings in the only Rule 16(b) scheduling order in this case, which was issued on January 13.

7

CONCLUSION

The defendants' May 31 motion for summary judgment is granted in part.  The Clerk of Court shall dismiss Escobare and Martinez as defendants in this case.  Mendez's June 1 motion for leave to amend his complaint to add Angelis as a defendant is granted.

SO ORDERED:

Dated:   New York, New York
         August 1, 2012

_____
DENISE COTE
United States District Judge