UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCEL MENDEZ, on behalf
of himself and others similarly situated,

       Plaintiff,      Case No.: CV-11-6316

                  Cote, J.
      v.            Maas, M.J.


PIZZA ON STONE, LLC (d/b/a ADRIENNE'S
PIZZA BAR), FRANK CASANO, PETER
POULAKAKOS and NICK ANGELIS,

       Defendants.

---

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS SETTLEMENT AND APPROVAL OF THE FLSA SETTLEMENT**

I, C.K. Lee, declare as follows:

1.  I am a partner in the firm of Lee Litigation Group, PLLC ("LLG") in New York, New York, Plaintiff's counsel herein. LLG is a five-attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class-wide violations of wage and hour laws, discrimination and harassment based on sex, race, disability, or age, retaliation, and contract and severance negotiations. LLG currently has eight employees.

2.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

3.  I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Eastern, and Southern Districts of New York. I am a member in good standing of

each of these bars. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel. Since April 2009, I have been engaged primarily in prosecuting wage and hour class and collective action cases. I am a Panel Expert approved by the New York City Bar Association. To qualify as a Panel Expert, I was subjected to a rigorous review process by employment law practitioners who were members of the New York City Bar Association.

4. I have served as lead counsel in numerous wage and hour class and collective actions, including *Han v. AB Gansevoort*, No. 11 Civ. 2423 (S.D.N.Y.); *Marte v. Energy Resources*, No. 11 Civ. 2490 (S.D.N.Y.); *Han v. Sterling National Mortgage*, No. 09 Civ. 5589 (E.D.N.Y.); *Amaya v. 166 Park*, No. 11 Civ. 1081 (E.D.N.Y.), among others.

**Thorough Investigation and Litigation of the Class Claims**

5. This proposed settlement would resolve claims brought by Plaintiff Marcel Mendez ("Plaintiff") on behalf of himself and other similarly situated employees employed by Defendants PIZZA ON STONE, LLC, FRANK CASANO, PETER POULAKAKOS and NICK ANGELIS, (collectively, "Defendants") (together with Plaintiff, the "Parties"), alleging that Defendants violated federal and state wage and hour laws by failing to pay him minimum wage, overtime, spread of hours and statutory penalties.

6. On September 9, 2011, Plaintiff filed a Class Action Complaint against Defendants pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b) in the U.S. District Court for the Southern District of New York on behalf of himself and others similarly situated, alleging violations of the Fair Labor Standards Act and the New York Labor Law. On December 16, 2011, Plaintiff filed a First Amended Class Action Complaint, and a Second Amended Class Action Complaint on August 2, 2012.

7. On February 3, 2012, Plaintiff filed a motion to conditionally certify an FLSA collective class. On March 29, 2012, the Court granted Plaintiff's motion to conditionally certify the collective FLSA class. On May 18, 2012, Plaintiff filed a motion to certify a class action under Fed. R. Civ. P. 23. On August 1, 2012, the Court granted Plaintiff's motion for class certification.

8. Before and during the formal litigation of this action, a team of attorneys and paralegals at LLG conducted a thorough investigation into the claims and defenses. We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification.

9. We conducted in-depth interviews with Plaintiff to determine the hours that he worked, the wages he was paid, the nature of his daily activities, and other information relevant to his claims. We also conducted depositions of Nick Angelis, Frank Casano, Peter Poulakokas and Francisco Martinez. Defendants deposed Plaintiff for one complete day. In response to discovery requests, Plaintiff received and reviewed over 5,000 pages of documents, including pay records, time sheets, personnel documents, and corporate documents.

10. Plaintiff regularly communicated with us and assisted with the preparation of the complaints

and discovery requests, and the factual investigation of the claims. Plaintiff was prepared intensively for deposition, and Plaintiff was deposed for a complete day. Plaintiff was responsive, responsible, and very helpful throughout the entirety of this case. The opt-in claimants, Elvis Santana and Andres Robles, also assisted in the litigation of this lawsuit. Their participation supported Plaintiff Marcel Mendez's allegations and provided a potential source of representative class testimony at trial.

11. Plaintiff filed a summary judgment motion and also opposed Defendants' summary judgment motion. Both motions were denied in their entirety by the Court on August 1, 2012.

**Settlement Negotiations**

12. The parties have been negotiating settlement since inception of the lawsuit. The initial settlement offer from Defendants was only for the named Plaintiff and was for nominal value.

13. During the course of the litigation, the parties have negotiated at length to reach a settlement figure for the class. Such negotiations were heated where both parties argued strenuously in favor of their positions.

14. After depositions and intensive document exchange, and motions for summary judgment, collective certification and class certification, the parties were able to reach a settlement in principle on January 8, 2013.

15. The parameters of the settlement were the result of heated negotiations. In addition to numerous informal telephone conferences for settlement, the parties also engaged in five in person settlement conferences on the following dates: May 3, 2012, May 16, 2012, June 5, 2012, October 26, 2012 and December 20, 2012. The conference held on October 26, 2012 was presided over by Magistrate Judge Maas. Although settlement was unsuccessful at such conference, the Parties' counsel further engaged in an in-person conference on December 20, 2012 and in a series of telephonic conferences that culminated in a settlement in principle on January 8, 2013. If the parties had not been able to settle amicably, the parties would have conducted further depositions in Florida of Jason Casano, Plaintiff would have retained experts at costs exceeding $25,000, the parties would have deposed experts and further witnesses in New York and California as part of class discovery and Defendants would have moved for class decertification and summary judgment, each at significant cost to the parties.

16. Over the last 3 weeks of January 2013, the Parties reduced the terms of the settlement to a formal settlement agreement ("Settlement Agreement"), which had previously been approved by the Court.

17. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

18. The Court-approved Notice of Pendency of Class Action and Proposed Settlement ("Notice") was mailed to Class Members on April 19, 2013.

19. Class counsel believes the current settlement is fair, and the result of this settlement was not the product of any collusion among the parties.  Plaintiff's Counsel believes that the settlement represents a significant percentage of the recovery that Plaintiff could have achieved had he prevailed on all of his claims and survived an appeal.

20.     Specifically, if the case were to be litigated through trial and if the claims of each Class Member were to be meritorious, Plaintiff's Counsel estimated at the Preliminary Conference for Approval that total recovery on the claims would be in excess of Two Million Dollars.  In terms of liability, broken down by calendar year, the liability allocation would be as follows:

|       | With WTPA Claims | Without WTPA Claims |
|-------|------------------|---------------------|
| 2005  | $ 24,000         | $ 24,000            |
| 2006  | $106,000         | $106,000            |
| 2007  | $153,000         | $153,000            |
| 2008  | $192,000         | $192,000            |
| 2009  | $207,000         | $207,000            |
| 2010  | $170,000         | $170,000            |
| 2011  | **$630,000**     | **$114,000**        |
| 2012  | **$627,000**     | **$111,000**        |
| Total | $2,109,000       | $1,077,000          |

However, the liability in 2011 and 2012 are comprised largely of potential claims of invalid wage statement and wage notices as required under the Wage Theft Prevention Act, effective as of April 2011.  The original recovery estimates were erroneously calculated because Plaintiff's Counsel assumed each person who worked in 2011 and 2012 were eligible for WTPA claims.  However, recent caselaw has demonstrated that only new employees hired after April 2011 would be eligible for WTPA wage notice claims.  See *Lin v. Benihana*, Docket No. 10-cv-1335, Docket Entry No. 181 (S.D.N.Y.).  Coupled with the fact that Defendants were paying all employees by paychecks by 2011 so that WTPA invalid wage statement claims would be highly risky, a more proper assessment of percentage recovery would be based on $350,000 divided by $1,077,000, resulting in a 32% recovery rate.

**Results from Mailing of Class Notice**

21.  The Settlement Agreement creates a fund of $350,000 (the "Fund").  The Fund covers attorneys' fees and costs, administration costs and expenses, class members' awards and service awards to Marcel Mendez, Elvis Santana and Andres Robles.

22.  Advanced Litigation Strategies LLC ("ALS"), an administration company under common control of Class Counsel, administered the settlement.  Defendants provided a class list of 297 Class Members of which ten individuals did not have contact details. ALS mailed the Court-approved Notice on April 19, 2013 to a list of 287 Class Members for which addresses had been provided by Defendants.  Eighty-two mailed notices were returned as undeliverable and none had forwarding addresses, despite attempts to obtain same from the U.S. Postal Service.  ALS conducted a skip trace search through the public records including white page searches, Facebook, LinkedIn, Google and ACRIS for the ten individuals for which contact details were

not provide and for each class notice that was returned as undeliverable. For the 49 employees for whom ALS received phone numbers as contact details, ALS contacted each such employee to inform them of the existence of the lawsuit. After diligently pursuing deliverable mailing information, ALS re-mailed notices to 7 Class Members.

23. As of June 18, 2013, 15 class members have opted into the settlement. No Class Members have objected to the settlement. The class notice explicitly informed Class Members of their rights and the procedure to opt-into the settlement. The opt-in rate for this settlement, based on 212 notices actually received by Class Members, is 7.0%.

24. No Class Members, after receipt of the Class Settlement Notice had requested to be excluded from the settlement. Prior to the mailing of the Class Settlement Notice, the following individuals excluded themselves from the case: Keala Warwick, Elizabeth Lynch, William A. Melendez, Alexander Bush, Michael Hayes, and Gavino Sanchez. However, their exclusion from the case does not reflect on the fairness of the settlement because they chose to exclude themselves prior to the negotiated settlement of $350,000. After the settlement was negotiated, no Class Member has chosen to exclude themselves nor object to the settlement.

25. Class Counsel believes that the low opt-in rate for this settlement does not demonstrate that the proposed settlement is unfair because no individual has chosen to exclude themselves from the settlement nor made any objections after the notice of settlement was mailed. See *See Diaz v. E. Locating Serv. Inc.*, 2010 WL 5507912, at *4 (S.D.N.Y.) (finding the fact that no class member objected to settlement or requested exclusion demonstrated that the class approved of the settlement); *deMunecas v. Bold Food, LLC*, 2010 WL 3322580, at *5 (S.D.N.Y.) (same); *Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate."). See *Rutti v. Lojack Corp.*, 2012 WL 3151077, at *6 (C.D. Cal. 2012) (low participation rate is not a reflection on success of class action).

26. Many employees in the restaurant industry, including employees of Defendants, are itinerant workers and their whereabouts are not easily traced. Moreover, many are also immigrants who may have returned to their native countries. Finally, many may simply be unfamiliar with the legal process or are not interested in participating in a lawsuit due to their illegal status. **However, even if the case were to proceed to trial and a larger judgment is attained, the problem of distributing the judgment to class members would still exist**.

27. For the 15 opt-ins the amount payable to such individuals is $9,746.40. The amount otherwise payable to existing employees of Defendants who did not submit claim forms will be applied towards a *cy pres* donation to a charitable organization devoted to Superstorm Sandy relief efforts in the Financial District, pursuant to Section 2.7 of the Settlement Agreement. Such amount is $54,418.42.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 17, 2013

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

  /s/ C.K. Lee, Esq.
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class members*